**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV 04-4273 JNE/AJB**

| | |
|---|---|
| Bruce Eckman,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WealthSpring Mortgage Corporation a/k/a American Summit Mortgage Corp. and Coreen Mary Ricci Eckman,<br><br>　　　　　　Defendants. | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 12(b)(1) MOTION TO DISMISS DEFENDANT'S ASSAULT AND BATTERY COUNTERCLAIM** |

## INTRODUCTION

This action arises out of the repeated violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681v, by Defendant Coreen Mary Ricci Eckman ("Defendant") in the summer of 2004. Defendant has brought a counterclaim for an assault and battery that allegedly occurred on October 26, 2003. However, Defendant has failed to allege any basis for federal court jurisdiction over her state law counterclaim. There is no federal jurisdiction over Defendant's assault and battery counterclaim because it does not arise out of the same transaction or occurrence as Plaintiff's claim for violations of the Fair Credit Reporting Act, and is therefore permissive, not compulsory. Permissive counterclaims must have an independent basis for jurisdiction. The assault and battery counterclaim does not, because there is no federal question and the parties are not diverse. Accordingly, Defendant's assault and

1

battery counterclaim fails on its face to support federal jurisdiction and therefore must be dismissed.

## FACTS

The essential allegations in Plaintiff's Amended Complaint are straightforward. Defendant Coreen Ricci Eckman ("Defendant") is Plaintiff Bruce Eckman's soon-to-be ex-wife and works for former Defendant WealthSpring Mortgage Corporation. (See Am. Compl. ¶ 5.) Defendant obtained Plaintiff's Equifax credit report on June 14, 2004, July 29, 2004, August 27, 2004, and August 29, 2004 from the terminal at her place of employment, WealthSpring. (See Id. ¶ 8, 15 (admitted in Def.'s Answer and Counterclaim at ¶¶ 4, 7.) Plaintiff and Defendant are both Minnesota citizens. (See Am. Compl. ¶¶ 2, 4 (admitted in Def.'s Answer and Counterclaim ¶ 2).) Plaintiff's claim, which is made under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(f) and 1681q, is based on the fact that Defendant had no permissible purpose to obtain or use Plaintiff's credit report and obtained it under false pretenses. (See Am. Compl. ¶ 22.) As a result of Defendant's illegal conduct, Plaintiff's privacy was invaded, and his credit score or "FICO" score was reduced as a result of the inquiries that appear on his Equifax credit report. (See Id. ¶ 17.) Although Plaintiff seeks damages, the Amended Complaint does not seek equitable relief. (See Id. Prayer for Relief.)

In her Answer and Counterclaim, Defendant brings a counterclaim against Plaintiff for the Minnesota common law tort of Assault and Battery. (See Answer and Counterclaim ¶¶ 102-10.) For purposes of the present motion only, Plaintiff assumes that Defendant's allegations are true. The alleged assault and battery occurred on October 26,

2003 – nearly eight months before the first credit pull that forms the basis for Plaintiff's FCRA claim. (See Id. ¶¶ 22-23.)

Defendant fails to aver any basis for this Court's jurisdiction over her assault and battery counterclaim. (See generally Answer and Counterclaim.) In her Affirmative Defenses, Defendant does not claim that being the victim of the alleged assault and battery gave her a permissible purpose to pull Plaintiff's credit report. (See generally Id. ¶¶ 12-19.)

## ARGUMENT

**I.    LEGAL STANDARD**

Under Fed. R. Civ. P. 12(b)(1), a claim can be challenged for lack of subject matter jurisdiction either facially or substantively. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Even when not raised by the parties, "[f]ederal courts are obligated to raise the issue of subject-matter jurisdiction sua sponte." Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 n.2 (8th Cir. 2001) (citing Andrus v. Charlestone Stone Products Co., 436 U.S. 604, 608 n.6 (1978)). When subject matter jurisdiction over a claim is challenged, the party making the claim bears the burden of showing, by a preponderance of the evidence, that jurisdiction exists. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003). In facial challenges to subject matter jurisdiction, while the court takes all well-pleaded factual allegations as true and views all reasonable inferences in the pleader's favor, the court may nonetheless dismiss the claim if a conclusory averment of subject matter jurisdiction would be contradicted by other allegations in the pleading.

See New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995).[1]

## II. DEFENDANT'S ASSAULT AND BATTERY COUNTERCLAIM SHOULD BE DISMISSED BECAUSE THE COUNTERCLAIM IS PERMISSIVE, NOT COMPULSORY, AND THE COURT HAS NO SUPPLEMENTAL JURISDICTION OVER PERMISSIVE COUNTERCLAIMS.

### A. Defendant's assault and battery counterclaim is permissive, not compulsory, because it does not arise out of the same transaction or occurrence as Plaintiff's claim for violations of the Fair Credit Reporting Act.

Whether a federal court has jurisdiction over a counterclaim depends, first, on whether the counterclaim is "compulsory" or "permissive." See, e.g., St. Jude Medical, Inc. v. Lifecare Intl., Inc., 250 F.3d 587, 594 (8th Cir. 2001) ("Because Lifecare's claims were compulsory counterclaims, there was supplemental jurisdiction to hear them in federal court.") A defendant's counterclaim is "compulsory" only if it arises out of the same "transaction or occurrence" as the plaintiff's claim. Fed. R. Civ. P. 13(a). Otherwise, it is "permissive." Fed. R. Civ. P. 13(b). Whether a counterclaim arises out of the same "transaction or occurrence" is essentially the same question as whether it is part of the same Article III case or controversy. See, e.g., Cabrera v. Courtesy Auto, Inc.,

---

[1] Even if a court finds that a claim survives a facial challenge, subject matter jurisdiction can subsequently be challenged on substantive/factual grounds. In substantive challenges to subject matter jurisdiction, the court does not even accept the pleader's factual allegations as presumptively true, but may instead weigh the evidence and find facts. See Sizova v. National Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002). Because Defendant's counterclaim fails on its face to show subject matter jurisdiction, Plaintiff need not make a substantive challenge. At any rate, discovery has not yet commenced. Hence, although Plaintiff *presently* makes only a facial and not a factual challenge to subject matter jurisdiction over the assault and battery counterclaim, challenges to subject matter jurisdiction may be raised at any time by any part or by the Court. See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003.)

192 F. Supp. 2d 1012, 1021 (D. Neb. 2002) ("If [the defendant's] counterclaim for a deficiency judgment on the . . . loan does not arise out of the *same transaction or occurrence* as [the plaintiff's federal Truth in Lending Act] claim . . . , it is difficult to conclude that [the plaintiff's] . . .state-law claims for breach of contract, conversion, etc., involve the *same case or controversy* as her [TILA] claim." (emphasis added).) The test for whether federal and state claims are part of the same case or controversy has been articulated as whether the claims "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

Similarly, the Eight Circuit has articulated the test for determining whether a counterclaim arises out of the same "transaction or occurrence" in the following ways:

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?
3) Will substantially the same evidence support or refute plaintiffs claim as well as defendant's counterclaim?
4) Is there any logical relation between the claim and the counterclaim?

Peterson v. United Accounts, Inc., 638 F.2d 1134, 1136 n.5 (8th Cir. 1981) (holding that a Fair Debt Collection Practices Act counterclaim to a debt-collection claim was permissive, not compulsory); Cochrane v. Iowa Beef Processors, Inc., 596 F.2d 254, 264 (8th Cir. 1979) (citing 6 Wright & Miller, Federal Practice and Procedure § 1410 p. 42).

In this case, under each of those four tests, Defendant's counterclaim for assault and battery fails to qualify as compulsory.

**1. The issues of fact and law raised by the FCRA claim and the assault and battery counterclaim are not largely the same.**

The elements of the Minnesota torts of assault and battery are entirely distinct from the elements of Plaintiff's FCRA claim and Defendant's defenses to it. The elements of the tort of assault are:

1. The defendant acted with the intent to cause apprehension or fear of immediate harm to or offensive contact with the plaintiff;

2. The defendant had the apparent ability to cause the harm or offensive contact; and

3. The plaintiff had a reasonable apprehension or fear that the immediate harm or offensive conduct would occur.

See Minn. CIVJIG 60.20. A battery occurs when a defendant intentionally causes harmful or offensive contact with the plaintiff. See Minn. CIVJIG 60.25.

Plaintiff's claim, by contrast, is based on the federal FCRA, which prohibits using or obtaining a consumer report for any purpose other than the limited purposes set forth in 15 U.S.C. § 1681b(a). See 15 U.S.C. § 1681b(f). The only legitimate purposes that Defendant claims are under §§ 1681b(a)(3)(A) and 1681b(a)(3)(F). (See Def.'s Answer and Counterclaim, ¶¶ 12-19.) Under those provisions, a defendant has a permissible purpose if she:

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
> . . .
> (F) otherwise has a legitimate business need for the information -
> > (i) in connection with a business transaction that is initiated by the consumer; or

6

>   (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(a)(3).

Plaintiff's claim thus involves a federal statutory right concerning the fair treatment of consumers' private credit information, while Defendant's counterclaim involves Minnesota common law concerning freedom from bodily harm or threat thereof. It is not alleged that Plaintiff assaulted Defendant because she pulled his credit report: indeed, the alleged assault came first. Thus, it is hard to imagine two claims between the same parties in which the legal and factual issues could be more distinct.

Defendant attempts to manufacture an "affirmative defense" out of 15 U.S.C. §§ 1681n(c) and 1681o(b). (See Def.'s Answer and Counterclaim at ¶ 15.) However, neither of those subsections provides a defense, but only a means in certain circumstances to recover attorney's fees on an otherwise successful defense. The two virtually identical provisions state:

> Upon a finding by the court that an *unsuccessful* pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c)[2] (emphasis added). Thus, according to the plain statutory language employed by Congress, bad faith and harassment may be considered only after a claim is otherwise unsuccessful: bad faith and harassment do not themselves render a claim unsuccessful.

---

[2] Section 1681o(b) is identical except that it substitutes "On" for "Upon" at the first word.

7

Moreover, it is established that unclean hands is not an FCRA defense. St. Paul Guardian Ins. Co. v. Johnson, 884 F.2d 881 (5th Cir. 1989). In St. Paul Guardian Ins., the insurance company violated the FCRA by obtaining a credit report on a consumer for impermissible purposes while investigating the consumer for insurance fraud. Neither the public interest in preventing insurance fraud nor the consumer's unclean hands saved the company from FCRA liability. The court explained, "[T]here is no indication . . . that the protection provisions of the FCRA are reserved for only those who have done no wrong. . . . Rather, the FCRA will only become a problem for an insurance company when the insurance company violates FCRA provisions." Id. at 883.

More generally, when no equitable relief is sought, equitable defenses do not apply. Sunamerica Finance Corp. v. Williams, 442 N.E.2d 83, 87 (Ohio Ct. App. 1981) (holding that equitable considerations do not control the outcome of a federal Truth in Lending Act claim). Unclean hands is a defense in equity, i.e., where the plaintiff seeks injunctive or declaratory relief; Plaintiff's claim here is a claim in law, under the FCRA, and Plaintiff does not seek equitable relief. Hence, the unclean hands doctrine does not apply.

None of Defendant's several remaining alleged FCRA defenses raise issues that are even arguably the same as issues that would be raised by Defendant's assault and battery claim. Thus, the questions of law and fact in the parties' opposing claims are not only largely distinct, but indeed, entirely distinct.

**2. Res judicata would not bar a subsequent suit on Defendant's claim absent the compulsory counterclaim rule.**

"Res judicata" means "a thing adjudicated."  Black's Law Dictionary 1312 (7th ed. 1999.)  In the Eight Circuit as well as in Minnesota state courts, in order for res judicata to apply, the "same cause of action" must be involved in both cases.  See Nelson v. American Family Ins. Group, 651 N.W.2d 499, 511 (Minn. 2002); County of Boyd v. U.S. Ecology, Inc., 858 F. Supp. 960, 966-68 (D. Neb. 1994), aff'd 48 F.3d 359 (8th Cir.); see also Blue Dane Simmental v. American Simmental Ass'n., 952 F. Supp. 1399, 1409 (D. Neb. 1997) (explaining Eighth Circuit law).  When res judicata applies, it bars a future suit on every claim that might have been litigated in the prior suit.  Nelson, 651 N.W.2d at 511-12.

If res judicata applied here, it would have the absurd result that the only way Defendant could bring her assault and battery claim is in this case.  Surely the assault and battery claim is not so much part of the "same cause of action" as the FCRA defense that Defendant would be precluded from litigating the assault and battery claim in state court had she not brought it here.  Is it Defendant's position that a ruling in Plaintiff's favor on his FCRA claim would be a decision that he had not committed an assault or battery?  In other words, it is inconceivable that if Defendant had not brought her assault and battery claim in this case, she would be barred from bringing a subsequent separate action for assault and battery on the theory that it was something already adjudicated.  It would obviously be possible for Defendant to prevail on her assault and battery claim even if she were to fail on her FCRA defense, and vice versa.  Indeed, Defendant's Answer and

9

Counterclaim itself identifies the assault and battery counterclaim as a distinct "cause of action." (See Def.'s Answer and Counterclaim page 14.) Thus, res judicata would not bar subsequent assertion of Defendant's assault and battery claim.

3. **The evidence to support or refute Plaintiff's claim and the evidence to support or refute Defendant's counterclaim will not be substantially the same – in fact, they will be entirely different.**

This Court has held that the mere fact "[t]hat the claims involve one or more common actors is . . . insufficient, without more, to create a common nucleus of operative fact." Hunt v. Up North Plastics, Inc., 980 F. Supp. 1042, 1045 (D. Minn. 1997). In so holding, the court quoted Council of Unit Owners of Wisp Condominium, Inc. v. Recreational Indus., Inc., 763 F. Supp. 120, 122 (D. Md. 1992) ("Wisp Condominium"), which held, "Although this claim is part of an ongoing, nasty dispute between the parties, this Court does not think it is part of the same Article III case or controversy," Id.

In this case, as explained, even if Plaintiff had assaulted, battered, or otherwise harassed Defendant, it would be no defense to Plaintiff's FCRA claim. Thus, Plaintiff's federal FCRA claim will rise or fall on evidence entirely separate from Defendant's assault and battery claim. Even assuming that Plaintiff's assault and battery was part of a pattern of alleged bad faith and harassment that included the conduct for which Defendant seeks relief under 15 U.S.C. §§ 1681n(c) and 1681o(b), bad faith and harassment under the FCRA are issues to be decided "by *the court*" – not the jury. 15

U.S.C. §§ 1681n(c), 1681o(b).[3]  Accordingly, the evidence of Plaintiff's alleged bad faith and harassment would not even play a small part – indeed would not be admissible – in the trial on Plaintiff's FCRA claim.

In truth, the only thing common to Plaintiff's claim and Defendant's counterclaim is parties that do not get along with each other, which, according to Hunt and Wisp Condominium, is insufficient.

**4. There is no logical relation between the claim and the counterclaim.**

The Eighth Circuit applied the "logical relationship" test in Peterson, 638 F.2d at 1136-37.  In holding that a Fair Debt Collection Practices Act claim based on unfair means of collecting a debt is not logically related to an opposing claim to collect the same debt, the Eighth Circuit explained:

> [T]he circumstances giving rise to the original debt are separate and distinct from the collection activities undertaken by United Accounts, Inc. While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another.  Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts.

---

[3] Technically, Defendant's plea for attorney's fees under 15 U.S.C. §§ 1681n(c) and 1681o(b) is not properly pled either as an affirmative defense or as a counterclaim:  bad faith or harassment under those provisions are not claims or defenses inasmuch as there could never be a trial on them because they are to be decided by the Court.  As noted, they are only bases – if the defense is otherwise successful – for the defendant to recover attorney's fees.  Thus, the only truly proper place in an answer for requests for relief under those sections (assuming they can be plead in good faith at all) is in a defendant's prayer for relief.

Id. at 1137. Thus, even "some overlap of issues," and even when the claims technically arise from the same loan transaction, is insufficient to establish the necessary logical relationship.

If, as the Eight Circuit held in Peterson, a Fair Debt Collection Practices Act claim based on unfair means of collecting a debt is not logically related to an opposing claim to collect the same debt, then surely a claim for assault and battery that allegedly occurred in October 2003 is not logically related to a claim for impermissibly pulling credit reports more than half a year later.

Further, in finding no logical relation between claim and counterclaim in Diamond v. Terminal Railway Alabama State Docks, 421 F.2d 228, 236 (5th Cir. 1970), the Fifth Circuit relied in part in its observation that "if the parties were allowed to litigate their claims in one lawsuit, the trial court's management of the action would be further complicated because it would be necessary to allocate costs and fees between that part of the action covered by the Railway Labor Act and that part not so covered." Id. (affirming dismissal of permissive counterclaim for lack of federal jurisdiction).

Similarly here, if the parties were allowed to litigate the FCRA claim and the assault and battery counterclaim in one lawsuit, this Court would have to allocate fees between that part of the action under the FCRA, which includes fee-shifting provisions, see 15 U.S.C. §§ 1681n, 1681o, and that part of the action on the assault and battery counterclaim, which has no fee shifting component. (Compare Def.'s Answer and Counterclaim, Prayer for Relief ¶ 3 (seeking fees and costs on Defendant's "Cause of Action" under 15 U.S.C. §§ 1681n and 1681o) with Def.'s Answer and Counterclaim,

Prayer for Relief ¶ 2 (*not* seeking fees and costs on Defendant's assault and battery counterclaim).)

Thus, under the logical relation test – as under each of the other three tests – Defendant's counterclaim for assault and battery is permissive, not compulsory.

### B. **Defendant's permissive counterclaim does not have the required independent basis for federal jurisdiction.**

Permissive counterclaims under Fed. R. Civ. P. 13(b) require an independent basis for federal jurisdiction. Shelter Mut. Ins. Co. v. Public Water Supply, 747 F.2d 1195, 1197 (8th Cir. 1984); Moore v. Lindsey, 662 F.2d 354, 360 (5th Cir. 1981); see also Cabrera, 192 F. Supp. 2d at 1019 ("[F]ederal courts consistently hold that a Rule 13(b) counterclaim must be supported by independent grounds for federal jurisdiction.") A failure to allege a basis for federal jurisdiction over a permissive counterclaim is a proper ground for dismissal. Shelter, 747 F.2d at 1197; Fed. R. Civ. P. 8(a)(1).

Congress codified the pre-existing test for supplemental jurisdiction when it enacted 28 U.S.C. § 1367 in 1990. See Pub. L. No. 101-650, Title III, § 310; see also Hunt, 980 F. Supp. at 1044 (explaining that § 1367 is a codification of the pre-existing jurisdictional test).[4] Section 1367 did not change the pre-existing rule with respect to

---

[4] Section 1367(a) provides:
  Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
28 U.S.C. § 1367(a).

federal jurisdiction over Rule 13 counterclaims.  <u>Blue Dane Simmental</u>, 952 F. Supp. at 1406 (citing 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3523 at 62 n.57.25 (Supp. 1996)).  The <u>Blue Dane Simmental</u> court explained:

> What impact did section 1367(a) have upon "ancillary" (now supplemental) jurisdiction regarding counterclaims? The answer is probably "none," 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1414, at 7 (Supp. 1996), because the statutory standard "same case or controversy" used in section 1367(a) "would embrace transactionally-related counterclaims." Id. As a result, scholars believe that "all the case law interpreting the boundaries for ancillary jurisdiction over Rule 13 counterclaims thus remains pertinent and controlling." Id. Succinctly put, "*permissive counterclaims continue to require an independent jurisdictional basis,*" 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, West Page 1406 Federal Practice and Procedure § 3523, at 49 (Supp. 1996).

<u>Blue Dane Simmental</u>, 952 F. Supp. at 1405-06 (emphasis added).

Similarly, the Seventh Circuit has succinctly explained the relationship between Rule 13(b) and 28 U.S.C. § 1367(a):

> Therkildsen's claim against Radcliff arises from events other than those that led to Radcliff's claim against the Village. It is therefore a permissive rather than a compulsory counterclaim. Fed.R.Civ.P. 13(b). As a permissive counterclaim, it is outside the supplemental jurisdiction (28 U.S.C. § 1367(a) covers only "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution") and requires an independent basis of federal jurisdiction. <u>By-Prod Corp. v. Armen-Berry Co.</u>, 668 F.2d 956, 961 (7th Cir. 1982); <u>Clark v. Universal Builders, Inc., 501 F.2d 324</u>, 341 (7th Cir. 1974); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 Federal Practice and Procedure sec. 1422 (2d ed. 1990).

Oak Park Trust & Sav. Bank v. Therkildsen, 209 F.3d 648, 651 (7th Cir. 2000). Therkildsen has been followed by district courts in this circuit. See, e.g., Conseco v. Wells Fargo Financial Leasing, Inc., 204 F. Supp. 2d. 1186, 1192 (S.D. Iowa 2002).

In this case, the counterclaim for assault and battery fails to present any federal question, and the parties are not diverse. There is thus no independent basis for federal jurisdiction over Defendant's permissive counterclaim. Accordingly, this Court has no jurisdiction over Defendant's counterclaim for assault and battery, and it must be dismissed.

## CONCLUSION

Under any of the four tests used in the Eight Circuit, Defendant's counterclaim for assault does not arise out of the same transaction or occurrence and is therefore a permissive, not compulsory, counterclaim. As such it requires an independent basis for federal jurisdiction. There is none. Accordingly, this Court does not have jurisdiction, and Plaintiff's Rule 12(b)(1) Motion to Dismiss Defendant's Assault and Battery Counterclaim should be granted.

Dated this 11th day of October, 2005.    **CONSUMER JUSTICE CENTER, P.A.**

By: s/John H. Goolsby
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
John H. Goolsby, Esq.
Attorney I.D. # 0320201
342 East County Road D
St. Paul, Minnesota 55117-1275
Telephone: (651) 770-9707
Attorneys for Plaintiff